IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARICELI D. H.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 3:22-cv-01229-HZ

OPINION & ORDER

Rory J. Linerud
Linerud Law Firm
1144 Wallace Road NW, #212
Salem, OR 97304

    Attorney for Plaintiff

Shannon Fishel
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Mathew W. Pile
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Ariceli D. H. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on March 5, 2020, and SSI on May 26, 2020, alleging an onset date of April 4, 2015, for both DIB and SSI. Tr. 90, 223, 227.[2] Plaintiff's date last insured ("DLI") was September 30, 2019. Tr. 76. Her application was denied initially and on reconsideration. Tr. 111. On June 23, 2021, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 38. On August 9, 2021, the ALJ found Plaintiff not disabled. Tr. 16-33. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on a stroke, memory loss, type 2 diabetes, high blood pressure, kidney infections, and migraines. Tr. 114. At the time of her alleged onset date, she was

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 8-1.

34 years old. Tr. 113. She has a 9th grade education and has past relevant work experience as hotel housekeeping cleaner. Tr. 31.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform their "past relevant

3 – OPINION & ORDER

work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date through her date last insured. Tr. 19. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "status post acute ischemic infarct [suffered a stroke], depression and a mild neurocognitive disorder." Tr. 19. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 21. At step four, the ALJ concluded that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> she would need to avoid concentrated exposure to dust, fumes, gases, poor ventilation and other noxious orders, as well as unprotected heights, moving machinery and similar hazards. She is further limited to simple, repetitive, routine tasks with no more than occasional contact with supervisors, co-workers and the general public.

Tr. 23. The ALJ concluded that Plaintiff could perform her past relevant work as a housekeeping cleaner. Tr. 31. In the alternative, the ALJ continued to step five found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "marker (DOT 209.587-034. Light, SVP 2), 170,000 jobs nationally; small products assembler

4 – OPINION & ORDER

(DOT 706.684-022, light, SVP 2), 110,000 jobs nationally; and router (DOT 222.587-038, light, SVP 2), 72,000 jobs nationally." Tr. 32. Accordingly, the ALJ concluded that Plaintiff is not disabled. *Id.*

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks and brackets omitted).

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) failing to incorporate all of Plaintiff's mental limitations in the RFC, and (2) failing to properly consider and evaluate Plaintiff's migraines at step two.

/ / /

/ / /

**I.    RFC**

Plaintiff argues that the ALJ erred when he failed to include all the mental limitations identified by Dr. Carol Mohney and Dr. Gary Sacks in Plaintiff's RFC. Specifically, Plaintiff argues that the ALJ erred by failing to limit Plaintiff to jobs that require "simple instructions (1 & 2 step tasks)" and "superficial interaction" with general public as recommended by Dr. Mohney. Plaintiff also argues the ALJ failed to account for Plaintiff's concentration, persistence, and pace impairments as recommended by Dr. Sacks in the RFC.

On Plaintiff's alleged onset date, she suffered a stroke. Tr. 389-90. When she arrived at the emergency room, the left side of her face was drooping, the left side of her body was weak, and she had neck pain and numbness. Tr. 384. She spent three days in the hospital, and almost a week at a rehabilitation facility. Tr. 470, 754. Since her stroke, Plaintiff testified that she has suffered from memory loss, debilitating headaches, and weakness on her left side. Tr. 49-50.

Dr. Mohney reviewed Plaintiff's medical record for the Agency's psychiatric review. Tr. 100. Dr. Mohney opined that Plaintiff was moderately limited in her ability to carry out very short and simple instructions, and in her ability to maintain attention and concentration for extended periods. Tr. 106. She also found that Plaintiff was markedly limited in her ability to carry out detailed instructions. *Id.* In her additional explanation, Dr. Mohney opined that "[c]laimant retains the ability to understand, remember and perform *simple instructions (1 & 2 step tasks)* on a sustained basis with only *superficial interaction* with the public and can adapt to routine changes." Tr. 108 (emphasis added).

The ALJ found Dr. Mohney's opinion persuasive. Tr. 28. As relevant to Plaintiff's mental impairments, the ALJ provided in the RFC that Plaintiff is limited to "simple, repetitive,

routine tasks with no more than occasional contact with supervisors, co-workers and the general public." Tr. 23.

### A. One- to Two- Step Tasks

Plaintiff first argues that the RFC requirement of "simple, repetitive, routine tasks" conflicts with Dr. Mohney's recommendation of "simple instructions (1 & 2 step tasks)." Specifically, Plaintiff argues that because "1 & 2 step tasks" is a specific reference to Level One reasoning under the General Education Development ("GED"), the limitation of "simple, repetitive, routine tasks" conflicts with the medical opinion.

Plaintiff relies on *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir. 2015), in support of her argument. In *Rounds*, the ALJ limited the claimant to "one to two step tasks" in the RFC. *Id.* at 1001. The ALJ then concluded the claimant was not disabled because she could perform at least three other jobs, all of which had a Level Two GED reasoning. *Id.* at 1002. On appeal, the Ninth Circuit held that the limitation of "one to two step tasks" in the RFC was in conflict with jobs that required a Level Two reasoning. *Id.* at 1003. The court examined the language of the reasoning level definitions and noted that the "conflict between [the claimant's] RFC and Level Two reasoning is brought into relief by the close similarity between [the claimant's] RFC and *Level One* reasoning." *Id.* (emphasis in original). Level One reasoning includes the ability to apply "commonsense understanding to carry out *one- or two-step instructions*," which is distinct from simple, routine tasks, which may have multiple steps. *Id.* (emphasis added). The Ninth Circuit rejected the Commissioner's argument that the RFC and Level One definition were different because the DOT referred to "instructions" while the RFC limitation was to "tasks." *Id.*

But here the Court faces a different question than presented in *Rounds*. Instead of the ALJ's RFC including the limitation to one- and two-step tasks, here the ALJ relied on a medical opinion that limited Plaintiff to one- to two-step tasks but created an RFC that limited Plaintiff to "simple, repetitive, routine tasks." Many district courts have confronted this question since *Rounds* and concluded that this scenario constitutes an error. *See, e.g., Striet v. Berryhill*, No. 317-cv-00673-MMD-WGC, 2019 WL 386227, at *7 (D. Nev. Jan. 11), *report and recommendation adopted,* No. 317-cv-00673-MMD-WGC, 2019 WL 383996 (D. Nev. Jan. 30, 2019) (collecting cases); *Wilson v. Colvin*, 2017 WL 1861839, No. 16-cv-01971-WHO, at *6 (N.D. Cal. May 9, 2017) (collecting cases). These cases are persuasive, and this Court agrees with their conclusion.

When a medical opinion is persuasive and includes a recommendation that the Plaintiff be limited to one- to two-step tasks, such a limitation is not captured with the limitation of simple, routine, and repetitive tasks. A task may be routine and repetitive but consist of multiple steps. Therefore, the ALJ erred when he found Dr. Mohney's medical opinion persuasive that limited Plaintiff to one and two step tasks, but then implicitly rejected or ignored that opinion when he created an RFC that limited her only to simple, repetitive, and routine tasks, without explanation.

The next issue is whether such error was harmful. In the district court cases cited above, the courts remanded for harmful error only when (1) the ALJ failed to include the RFC limitation of one to two step tasks, and (2) the jobs cited by the vocational expert ("VE") and ALJ were all Level Two reasoning. *See Wilson*, 2017 WL 1861839, at *6 (collecting cases). Here, although each job cited by the VE at step five required Level Two reasoning, the ALJ first found that Plaintiff could do her past relevant work of housekeeping cleaner at step four. Housekeeping

8 – OPINION & ORDER

cleaner requires Level One reasoning. DOT (4th ed. 1991) § 381.687-014, *available at* 1991 WL 672783 (cleaner, housekeeping). Reasoning Level One is defined as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Rounds*, 807 F.3d at 1002–03. This Level One reasoning is consistent with Dr. Mahoney's recommendation of "1 & 2 step tasks." *See Rounds*, 807 F.3d at 1003. Therefore, even if the ALJ had included the limitation in the RFC, the Commissioner still would have met its burden because the ALJ found that Plaintiff could perform her past relevant work of housekeeping at step four, which is a job that requires Level One reasoning. *See Wilson v. Berryhill*, No. 1:16-CV-01861-SKO, 2018 WL 1425963 (E.D. Cal. Mar. 22, 2018), at *35 ("Thus, even if the ALJ had included such limitation in Plaintiff's RFC, the ALJ met his burden at Step Five because the record contains substantial evidence demonstrating that [the p]laintiff was capable of performing the Level One reasoning job of final assembler (optical) and that it exists in significant numbers in the national economy."); *see also De Law Fuente v. Colvin*, No. cv-14-1112 AGR, 2014 WL 6630019, at *2 (C.D. Cal. Nov. 21, 2014) ("Based on the vocational expert's testimony that there are 2,600 such jobs in Los Angeles County, the shirt presser job alone existed in significant numbers in the national economy. Accordingly, any error was inconsequential to the ultimate nondisability determination.") (internal citation omitted) (citing *Molina v. Astrue*, 674 F.3d 1104, 1121–22 (9th Cir. 2012)); *Koller v. Colvin*, No. 3:13-cv-05330-RBL-KLS, 2014 WL 868830, at *7 (W.D. Wash. Mar. 5, 2014) ("[T]he ALJ also identified an unskilled job at step five, and this job alone exists in significant numbers in the national and regional economy, which renders any error as to the semi-skilled jobs harmless."). Accordingly, although the ALJ erred, the error was not harmful.

9 – OPINION & ORDER

B.     **Superficial Interactions**

Plaintiff next argues that the ALJ failed to incorporate Dr. Mohney's limitation of "superficial interaction" with the general public in the RFC. The Commissioner argues that the ALJ's RFC determination accounts for Dr. Mohney's opinion by limiting Plaintiff to "occasional" contact with the general public. The Court disagrees and finds the reasoning of *Curtis M. v. Comm'r of Soc. Sec.*, No. C18-5757 BAT, 2019 WL 1434885, at *1 (W.D. Wash. Apr. 1, 2019), persuasive. There, the court found that "[t]he ability to have occasional contact does not address the quality of the contact or the number of other people with whom contact is made. This is evidenced as one could have a job that involves occasional contact but requires deep or significant interaction." *Id.* This Court agrees. Because the RFC conflicts with an opinion from a medical source without explanation, the ALJ erred. Moreover, such error was harmful as there is nothing in the RFC nor the VE's explanation that addresses such limitation. Therefore, remand is warranted.

C.     **Concentration, Persistence, and Pace**

Finally, Plaintiff argues that the ALJ erred by accepting the medical opinion of Dr. Gary Sacks, Ph.D., P.C., and specifically with Dr. Sacks's conclusion that Plaintiff was limited in attention, concentration, and pace, and then failing to include the limitation in the RFC.

Dr. Sacks evaluated Plaintiff on September 11, 2019, based on a referral from the Oregon Department of Human Services ("DHS"). Tr. 933. Among other observations, Dr. Sacks opined that Plaintiff "suffers significant cognitive deficit that will likely cause significant impairment in attention, concentration and pace, and adapting to changes in the workplace." Tr. 937. Relying on this and other medical opinions, at step three, the ALJ found that Plaintiff has moderate limitations in concentration, persistence, and pace. Tr. 22. In the RFC, the ALJ found Dr. Sacks's

conclusions regarding Plaintiff's attention, concentration, and pace consistent with other medical findings in the record and stated that he "considered this opinion and the examination report in limiting the claimant to simple, routine repetitive tasks." Tr. 30.

When an ALJ makes a finding of moderate limitations in concentration, persistence, or pace in step three, those limitations must be reflected in the RFC assessment. *Saucedo v. Colvin*, 6:12-cv-02289-AC, 2014 WL 4631225, at *17-18 (D. Or. Sept. 15, 2014) (failure to include limitations regarding concentration, persistence, or pace in the RFC is reversible error if the ALJ found such limitations at step three); *see also Lubin v. Comm'r Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) ("The ALJ must include all restrictions in the [RFC] determination . . . including moderate limitations in concentration, persistence, or pace."). An ALJ's assessment that a plaintiff can perform "simple tasks" may "adequately capture[] restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

Here, at step three, the ALJ relied on medical evidence to determine that Plaintiff has moderate limitations in concentration, persistence, and pace. Tr. 22. However, while the RFC limits Plaintiff to "simple routine tasks," it does not include any limitations related to concentration, persistence, or pace. Tr. 23. *See Gartner v. Berryhill*, No. 6:16-cv-01505-SI, 2017 WL 3208351, at *14 (D. Or. July 28, 2017) ("An RFC that limits Plaintiff to simple work does not incorporate Plaintiff's moderate difficultly with concentration, persistence, and pace."); *Becky B. v. Saul*, No. 6:10-cv-330-SI, 2020 WL 1244865 (D. Or. Mar. 16, 2020) (same).

The Commissioner argues that the ALJ found that Plaintiff's daily living activities support a finding that limiting her to simple, routine tasks was sufficient for her limitations in concentration, persistence, or pace. Def. Br. 6. The Court disagrees with the Commissioner's

11 – OPINION & ORDER

reading of the ALJ opinion. Relying on Dr. Sacks, the ALJ stated that Dr. Sacks's "examination report showed signs of impairments in attention, concentration, and pace, and the undersigned considered this opinion and the examination report in limiting the claimant to simple, routine repetitive tasks." Tr. 30. The ALJ references Plaintiff's daily living activities only when he rejects Dr. Sacks's conclusion that Plaintiff is limited in her ability to adapt to changes. *Id.* The ALJ's conclusion that "simple, routine tasks" is sufficient to accommodate for Plaintiff's moderate limitations in concentration, persistence, or pace, was harmful error. *See Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009) ("The hypothetical question to the vocational expert should have included not only the limitation to 'simple, repetitive work,' but also [the plaintiff's] moderate limitations in concentration, persistence, or pace.").

## II.    Step Two

Plaintiff next argues that the ALJ erred by failing to include migraines as a severe medically determinable impairment as step two. The ALJ concluded that Plaintiff's migraines were not severe based on her "sporadically sought" treatment and because she received only conservative treatment. Tr. 20.

An ALJ's analysis of whether a claimant has a severe medically determinable impairment at step two is "merely a threshold determination to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). A reviewing court must determine whether the ALJ's conclusion that a claimant's alleged impairment is not medically severe was based on substantial evidence. Most step two errors are harmless so long as (1) the ALJ found at least one severe medically determinable impairment; (2) the sequential process proceeded to step three; and (3) the ALJ included limitations due to all medically determinable impairments, both severe and non-severe, in formulating the RFC. *Buck*, 869 F.3d at 1049.

The ALJ's conclusion that Plaintiff received only sporadic treatment for her migraines is not supported by substantial evidence. Since her stroke, Plaintiff was seeing a medical provider every few weeks, and consistently complaining of headaches. *See, e.g.*, Tr. 1510 (April 30, 2015), 519 (June 18, 2015), 1503 (July 14, 2015), 1502 (July 29, 2015); 525 (August 13, 2015), 1497 (September 1, 2015), 782 (January 14, 2016), 1054 (March 17, 2016). Such treatment is not sporadic.

The ALJ's conclusion that Plaintiff received only conservative treatment for her migraines is also not supported by substantial evidence. An ALJ may rely on evidence of conservative treatment to "discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (internal quotation marks omitted). However, such finding is not supported by substantial evidence where "the record does not reflect that more aggressive treatment options are appropriate or available." *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 662 (9th Cir. 2010) (a "claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist"). Such is the case here. Plaintiff followed her medical providers instructions, including physical therapy, Tr. 519; trying different prescriptions, Tr. 525 (Topamax), 1497 (ice and ibuprofen), 1054 (hydrocodone acetaminophen), 788 (Verapamil); and receiving Toradol injections, Tr. 557, 996, 1003, 1043. When no other recommendations are made, following a medical provider's recommendations cannot be considered conservative treatment. *See Jason C. v. Comm'r, Soc. Sec. Admin.*, No. 6:22-cv-00503-HL, 2023 WL 3413497, at *4 (D. Or. May 12, 2023) (citing *Lapeirre-Gutt*, 382 F. App'x at 664); *Cindy F. v. Berryhill*, 367 F. Supp. 3d 1195, 1219 (D. Or. 2019) ("Because the ALJ did not specify what 'more aggressive treatment options [were] appropriate or available,' it would be

illogical to discredit [the p]laintiff 'for failing to pursue non-conversative treatment options where none existed.'") (internal citation omitted). The ALJ erred in finding otherwise.

Accordingly, the ALJ erred by failing to find Plaintiff's migraines a severe impairment at step two. The error was harmful because the ALJ also failed to include any limitations related to Plaintiff's migraines in the RFC. Plaintiff testified that she gets headaches every day and that they get worse when she is unable to rest. Tr. 54. The Commissioner argues that the ALJ found Plaintiff's testimony regarding fatigue not persuasive. Def's Dr. 17-18. While that may be true, testimony regarding general fatigue and limitations regarding the severity of pain of migraines without rest are two different considerations. The latter was not addressed in the ALJ's RFC and, therefore, constitutes harmful error requiring reversal and remand.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for administrative proceedings.

IT IS SO ORDERED.

DATED:_____August 16, 2023

_____
MARCO A. HERNÁNDEZ
United States District Judge